# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FORBES, | Case No. 1:15-cv-01061-BAM (PC) |
| Plaintiff, | SCREENING ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| DONNEY YOUNGBLOOD, et al., | (ECF No. 8) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

**I.   Screening Requirement and Standard**

Plaintiff Robert Forbes ("Plaintiff") is a former state prisoner[1] proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on July 10, 2015, at which time he was a pretrial detainee. (ECF No. 1.) On July 13, 2016, Plaintiff filed a first amended complaint before the Court screened the original complaint. (ECF No. 8.) The Court will now screen the amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

---

[1] The Court takes judicial notice from another pending action of Plaintiff's (Case No. 1:16-cv-00707-BAM (PC)) wherein it notes that Plaintiff has been discharged from California Men's Colony East.

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is suing Kern County Sheriff Donney Youngblood and Virginia Tomlinson, a facility nurse at the Kern County Jail ("Defendants"). Plaintiff does not specify whether he is suing the Defendants in their individual or official capacities.

Plaintiff alleges that the Defendants unlawfully denied him medical treatment. Plaintiff demands a jury trial. Plaintiff does not make any allegations other than these statements, and instead incorporates by reference his original complaint.

**III.    Discussion**

    **a.   Amended Complaint**

An amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). "Unless prior approval to the contrary is obtained from

2

the Court, every pleading to which an amendment or supplement is permitted . . . shall be retyped and filed so that it is complete in itself *without reference* to the prior or superseded pleading." Local Rule 220 (emphasis added).

Accordingly, the Court informs Plaintiff that he cannot amend his complaint by referencing a prior pleading, but must instead re-write those allegations in any amended pleading which he wishes the Court to consider as a part of his new, amended pleading. The Court will grant Plaintiff leave to file a second amended complaint to comply with these rules.

### a. Federal Rule of Civil Procedure 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ibid*. (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*.; *see also Twombly*, 550 U.S. at 556-57.

In Plaintiff's amended complaint, other than Plaintiff's statement that the Defendants unlawfully denied him medical treatment, he alleges no facts. Also, although the original complaint is not before this Court for screening, the Court notes that it contains a few factual allegations mixed in with legal conclusions, exhibits which are not explained, and is disjointed and confusing.

If Plaintiff chooses to amend his complaint, he must state in plain language what each Defendant did or did not do that deprived him of his Constitutional rights. If Plaintiff chooses to attach exhibits to his complaint, he must incorporate them by specific references.

### b. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A

3

supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074–75; *Lacey*, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted). Supervisory officials "cannot be held liable unless they themselves" violated a constitutional right. *Iqbal,* 556 U.S. at 676.

To the extent Plaintiff attempts to impose liability on Defendant Youngblood for his supervisory role as the Sheriff of the Kern County Jail, he may not do so. Plaintiff must allege facts showing that each Defendant, including Defendant Youngblood, personally participated in a constitutional violation, or in the implementation of a constitutionally-deficient policy.

### c. Deliberate Indifference to a Serious Medical Need – Fourteenth Amendment

The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the *Kingsley* rationale to a Fourteenth Amendment failure-to-protect claim. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016) (en banc). In *Guerra v. Sweeny*, 2016 WL 5404407 (E.D. Cal 2016) (Ishii, J.), the court extended *Castro* to an untreated medical needs case. The court determined that the elements of such a claim are: (1) The plaintiff made a request for medical care or the need for care was glaringly obvious; (2) The plaintiff had a serious medical need; (3) The defendant

4

did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at \*3.

Plaintiff appears to have been a pretrial detainee at Kern County Jail at the relevant times in question, and thus the Fourteenth Amendment standard for deliberate indifference to a serious medical need applies. Plaintiff's amended complaint contains no facts to support a claim for deliberate indifference to serious medical need. The Court will grant Plaintiff leave to amend his complaint to cure this deficiency.

### IV.    Conclusion and Order

Plaintiff's amended complaint fails to state any cognizable claims against Defendants. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff must state what the Defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, as explained above, an amended complaint supersedes the prior complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, the Court HEREBY ORDERS that:

1. The Clerk's Office shall send to Plaintiff a complaint form;
2. Plaintiff's amended complaint is dismissed for failure to state a cognizable claim for relief, with leave to amend;

///

5

3. Within **thirty (30) days** of service of this order, Plaintiff shall file a second amended complaint or a statement of voluntary dismissal of this action; and

4. **Plaintiff's failure to comply with this order will result in dismissal of this action for failure to state a claim upon which relief may be granted, failure to obey a court order, and failure to prosecute.**

IT IS SO ORDERED.

   Dated:   **December 21, 2016**        /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE